# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

GERALD DUNCAN, JR.,[1]       )
                            )
    Plaintiff,           )
                            )
v.                          )            CV423-109
                            )
CHATHAM COUNTY              )
SUPERIOR COURT,             )
                            )
    Defendant.           )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Gerald Duncan, Jr. has filed this 42 U.S.C. § 1983 case alleging various procedural defects in his ongoing state-court prosecution. *See* doc. 1 at 5. The Court granted him leave to pursue his case *in forma pauperis*, doc. 3, and he has returned the required forms,

---

[1] The Complaint provides plaintiff's name as "Gerald Jr. Duncan," *see* doc. 1 at 1, 5. The Clerk construed those indications, and docketed the case, in the name of "Gerald Duncan, Jr." *See* docket. The Court's Order granting Duncan leave to proceed *in forma pauperis* followed the Clerk's construction. *See* doc. 2. The Consent to Collection of Fees from Trust Account form appears to be signed "Gerald Duncan," and the return address on the envelope also appears to indicate the same name. *See* doc. 5 at 1-2. Compounding the confusion, the accounting attached to the Prisoner Trust Fund Account Statement is for the wrong prisoner. *See* doc. 4 at 2-5. The Court has adopted the Clerk's construction for consistency.

docs. 4 & 5. The Court, therefore, proceeds to screen the Complaint, pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Duncan's factual allegations are terse. *See* doc. 1 at 5. He alleges that he has been "incarcerated for possession of a firearm by a convicted felon." *Id.* He alleges that he "completed" what appear to be non-custodial terms of a sentence in 2010. *Id.* He also objects that he "was denied 4 bonds [and] labeled a threat to the community . . . ." *Id.* Finally he objects to the circumstances under which the evidence against him was seized and whether he actually possessed the firearm in question; he alleges it "was found in a car that wasn't [his] on the passenger side floor . . . ." *Id.* He requests that the "Court . . . seek justice on [his] behalf." *Id.* at 6. He

refers to monetary relief he seeks "upon release," but does not explicitly request release. *Id*.

The only defendant that Duncan names is the Chatham County Superior Court, *see* doc. 1 at 1, presumably where his criminal case is pending. Chatham County Superior Court is not subject to suit under § 1983. *See Scott v. Georgia Appling Cnty. Sup. Ct.*, 2018 WL 2138538, at *3 n. 5 (S.D. Ga. May 9, 2018) (noting that a Georgia Superior Court does not "qualify as 'persons' under Section 1983"); *Pullum v. Batchelor*, 2011 WL 7063406, at *3 (N.D. Ga. Nov. 16, 2011) (finding a Georgia "Superior Court is not a person subject to suit under § 1983."). Moreover, as an arm of the State, the Superior Court is immune from suit in this Court, under the Eleventh Amendment. *See Stegeman v. Georgia*, 290 F. App'x 320, 322-23 (11th Cir. 2008) (citing *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993)). The judges are immune from suit for actions taken in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction, *see Stump*, 435 U.S. at 356;

3

*Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986), and extends to all claims, whether for damages or for injunctive relief, *Bolin v. Story*, 225 F.3d 1234, 1239-42 (11th Cir. 2000). *See also Harvin v. Aten*, 2018 WL 10509901, at *2 (N.D. Ga. Oct. 30, 2018) (citing, *inter alia.*, *DeWayne v. State of Georgia, Inc.*, 2013 WL 12310839, at *5 (N.D. Ga. Dec. 10, 2013)) (dismissing claims against a Georgia magistrate judge based on judicial immunity). Accordingly, all of Duncan's claims against Chatham County Superior Court, or its judges, should be **DISMISSED**.

Even if Duncan could identify a proper defendant, any ruling could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury.

4

Plaintiff, obviously, remains free to allege the same defects alleged here in his state criminal proceedings.  He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury.  *Younger.* 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").  Thus, his contentions of procedural impropriety are arguments for the state court.  *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").[2]  Given that Duncan may not challenge the

---

[2] Although Duncan does not expressly seek immediate or speedier release from his current incarceration, to the extent that his allegations implicate its validity, § 1983 affords no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

constitutionality of his state prosecution while it is pending, pursuant to *Younger*, and cannot challenge the fact of his detention in a § 1983 case, any claims concerning the adequacy of those proceedings should be **DISMISSED**.

In summary, Duncan's § 1983 claims against the Chatham County Superior Court should be **DISMISSED**. [3] *See* 28 U.S.C. § 1915A(b)(1).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[3] Though a *pro se* plaintiff normally should be given an opportunity to amend a pleading at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Duncan's claims arising from his currently pending state prosecution do not appear amendable. Nevertheless, Duncan is free to submit an amended complaint within the fourteen-day objections period, discussed below, if he believes he can address the defects in his pleading.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Duncan has no funds available. *See* doc. 4. He, therefore, does not owe any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in

this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.[4]

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 17th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.